PETER MALLORY and JEAN MALLORY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mallory v. Commissioner
Docket No. 21978-81.
United States Tax Court
T.C. Memo 1983-257; 1983 Tax Ct. Memo LEXIS 532; 46 T.C.M. (CCH) 99; T.C.M. (RIA) 83257; May 9, 1983. *532 Peter Mallory, for the petitioners. Patrick C. McGovern, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This case is before us on respondent's motion for summary judgment filed on March 2, 1982, pursuant to Rule 121, [1] and heard on February 14, 1983. Petitioners Peter Mallory and Jean Mallory, husband and wife, resided in Fallbrook, California, when they filed their petition and amended petition in this case. On December 4, 1980, respondent notified petitioners by letter that their 1979 Federal income tax return had been selected for examination. This letter requested that petitioners provide respondent with certain records and make an appointment to discuss certain items on their 1979 return with respondent's representative. On December 10, 1980, petitioners sent a letter to respondent in which they enclosed three forms entitled "Demand for Immunity," "Grant of Immunity," and "Public Servant's Questionaire." These three documents had blank spaces and petitioners requested respondent to provide the requested information and return the completed forms within *533 ten days. In the event respondent failed to do so, petitioners informed him that they "will assume that you did not want the meeting and/or audit * * *." By statutory notice dated July 31, 1981, respondent determined a deficiency in petitioners' 1979 Federal income tax in the amount of $7,040, and an addition to tax under section 6653(a) in the amount of $352. The issues raised in the notice of deficiency are whether petitioners are entitled to itemized deductions for charitable contributions, casualty losses, medical expenses, and business expenses. On August 24, 1981, petitioners timely filed a petition in which they gave the following statement of their position: I disagree with the I.R.S. entirely and I don't owe them anything. The assignments of error are: The Assessment is based upon whim and caprice, and not upon fact. The Assessment is just a wild guess, and fishing expedition by the I.R.S. and has no factual basis. I have incurred no tax liability for the years in question. On November 2, 1981, petitioners, pursuant to being granted leave to file by the Court, filed an amended petition. In this amended petition, petitioners made no reference to any specific *534 adjustment of income made by respondent in determining a deficiency. Instead, the amended petition alleges, in pertinent part, as follows: B. The issuance and computation of statutory notice was done pursurant [sic] to and in accordance with unlawful procedures designed to deny the Petitioners their legal, civil, and Constitutional rights in the matter. C. The petitioners further know that the Respondent erred in arriving at the computed amount of $352.00 for the year of 1979, because this figuer [sic] does not take into consideration those deductions that Petitioners are entitled to, and which they rightfully claimed on their return, as daid [sic] deductions were arbitrarily denied and disallowed by the Respondent without just cause. * * * The facts upon which the Petitioners rely as a basis for their case are as follows: A. The Petitioners' income tax return for the year 1979 was filed, accepted as filed, and a check was issued to the U.S. Government, and accepted as evidence of the acceptance of said return. Sometime afterwards, the return was investigated by secret and unrevealed computer technology, which technology yealded [sic] a computerrized [sic] *535 accusation against the Petitioner, which accusation was never made known to the the generalised [sic] term "audit." B. The Petitioners were denied their legal rights, civil and Constitutional rights by the usage of Rev. Proc. 68-12 which Rev. Proc. has the effect of suspending the Constitution of the United States in any discussions with either the IRS District or Appellate [sic] conferees. On July 26, 1982, a hearing was held on respondent's motion for summary judgment and the petitioners' motion for a continuance. At this hearing, petitioners made no reference to any constitutional arguments but they informed the Court that, if granted a continuance, they would file another amended petition setting forth the facts to support the deductions in controversy. The Court granted petitioners' motion for a continuance and informed them that unless they filed an amended petition setting forth facts to support the claimed deductions then respondent's motion for summary judgment would come up for hearing again on the very next calendar. On August 9, 1982, petitioners filed a document entitled "Request for Amended Petition." In such document, petitioners failed to *536 set forth facts, as instructed by the Court at the previous hearing of this case, and instead alleged that they were unable to bear the cost of obtaining substantiation for any of their claimed deductions. Rule 121(b) provides that a motion for summary judgment shall be granted if the "pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Petitioners' petition, amended petition, and their document entitled "Request for Amended Petition" do not satisfy the pleading rules of this Court. Rule 34(b) provides, in pertinent part, that the petition in a deficiency action shall contain: (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. * * * (5) Clear and concise lettered statements of the facts on which petitioner bases the assignments of error * * *. Petitioners' petitions allege no justiciable error with respect to respondent's determination of the *537 deficiency or addition to tax and fail to state facts which would indicate that there is a genuine issue of material fact. [3] Consequently, respondent's motion for summary judgment is granted. [4]
To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. See Sidle v. Commissioner,T.C. Memo. 1982-124↩. 4. We wish to add that, on the record before us, a motion to dismiss for failure to state a claim upon which relief can be granted would have been entirely appropriate. See Rule 40. While we could raise such a motion, see Rule 53, we see no need to do so as summary judgment is also an appropriate motion for respondent in the instant case.↩